346 A.2d 543
**COMMONWEALTH of Pennsylvania**
v.
**John GRELLO, Petitioner.**

Supreme Court of Pennsylvania.

Oct. 30, 1975.

Joel H. Ziev, Easton, for petitioner.

Charles H. Spaziani, Dist. Atty., Easton, for respondent.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Petitioner, John K. Grello, was found guilty following a jury trial on September 10, 1973, of aggravated assault and battery, and burglary. At trial petitioner testified that he was intoxicated at the time of the incident for which he was convicted. He requested a jury instruction that he be acquitted of the burglary charge if his intoxication rendered him unable to form the specific intent necessary for burglary. This request was refused. Petitioner's counsel also excepted to the trial court's refusal to allow a hearing into the possible prejudicial effect of certain photographic evidence which had been used for pretrial identification purposes. Petitioner filed a motion for new trial raising these two issues. The motion was denied and petitioner was sentenced to four to eight years imprisonment, sentence to run concurrently with a sentence of three to nine years imposed in a separate matter by the Lehigh County Court of Common Pleas in 1973. The Superior Court affirmed without opinion on February 6, 1975. On April 1, 1975, petitioner sought reargument before the Superior Court on the basis of our decision in *Commonwealth v. Graves*, 461 Pa. 118, 334 A. 2d 661 (1975). This request was denied by the Superior

Court on April 3, 1975, and petitioner now asks that we grant an allowance of appeal to consider the decision of the Superior Court.

 *Graves, supra,* is directly on point. The trial court, relying on *Commonwealth v. Tarver,* 446 Pa. 233, 284 A.2d 759 (1971), erroneously refused to allow the jury to consider petitioner's testimony on intoxication in determining whether petitioner had the requisite intent to commit burglary. Of course, as with all other evidence, the jury is free to disbelieve the testimony concerning intoxication. *Commonwealth v. Rose,* 463 Pa. 264, 344 A.2d 824 (1975). The refusal to so charge, however, had the effect of allowing the jury to convict petitioner even if one of the elements of the crime was absent. Therefore, a new trial as to the charge of burglary is required.

Although the trial court imposed a single consolidated sentence of four to eight years imprisonment for all three crimes, the error in failing to instruct the jury on intoxication did not effect the charges of aggravated assault and battery. The conviction of that offense therefore need not be disturbed. The case must be remanded however for resentencing on that conviction without reference to the burglary conviction.

The petition for allowance of appeal is granted, limited to the question of whether the trial court erred in refusing to instruct the jury on intoxication as that intoxication might negate the specific intent necessary for burglary. The order of the Superior Court affirming the judgment of sentence is vacated, and the case is remanded for resentencing on the aggravated assault and battery conviction and for a new trial on the charge of burglary.

JONES, C. J., filed a dissenting opinion in which EAGEN, J., joined.

O'BRIEN, J., dissents.

JONES, Chief Justice (dissenting).

I strenuously dissent. Appellant, John K. Grello, was found guilty by a jury on September 10, 1973, of aggravated assault, battery and burglary. The Superior Court affirmed the trial court without opinion on February 6, 1975. On April 1, 1975, appellant sought reargument before the Superior Court on the basis of our decision in *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (filed March 18, 1975). This request was denied by the Superior Court on April 3, 1975, and a petition for allocatur followed.

In joining in Justice Eagen's dissenting opinion in *Commonwealth v. Graves,* I expressed my dissatisfaction with the holding that evidence of voluntary intoxication can be offered for the purpose of negating the presence of the required specific intent for burglary. Even if the use of intoxication as an excuse for criminal responsibility survives, it should not be given retroactive application. *See Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *United States ex rel. Cannon v. Johnson,* 396 F.Supp. 1362 (E.D.Pa. filed June 12, 1975). A retroactive application of the *Graves* rule could have disastrous effects on the administration of justice.

EAGEN, J., joins in this dissenting opinion.