420 A.2d 1111

**COMMONWEALTH of Pennsylvania**

v.

**Calvin DAVIS, Appellant.**

Superior Court of Pennsylvania

Submitted Jan. 28, 1980.

Filed June 13, 1980.

Petition for Allowance of Appeal Denied Oct. 10, 1980.

---

**40.** *See* note 31 *supra.*

Norris E. Gelman, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

220

Before WATKINS, O'BRIEN and CIRILLO, JJ.*

O'BRIEN, Judge:

This is an appeal from the Order of the Court of Common Pleas of Philadelphia, Criminal Division, denying appellant's Post Conviction Hearing Act[1] [PCHA] petition.

Appellant, Calvin Davis, pleaded guilty to murder generally on November 2, 1970, and was thereafter adjudged guilty of murder of the second degree. He was sentenced to serve a term of imprisonment of not less than ten nor more than twenty years. No direct appeal was taken. On January 18, 1971, appellant filed a *pro se* motion in the Supreme Court of Pennsylvania requesting leave to take a direct appeal from the judgment of sentence imposed on December 30, 1970. Following the appointment of counsel, the Supreme Court remanded the record to the trial court for an evidentiary hearing on the issue raised in the appeal–whether or not a plea bargain had been struck.

Hearings, which were styled hearings under the PCHA, were held on May 22, 1972, and June 27, 1972. The hearing judge denied relief and filed an opinion which found as a fact that appellant entered his guilty plea knowingly, intelligently, and voluntarily, and that no plea bargain had been struck. This denial of relief was affirmed by the Pennsylvania Supreme Court. *Commonwealth v. Davis*, 452 Pa. 369, 306 A.2d 897 (1973).

On March 7, 1977, appellant filed a PCHA petition, once again challenging the validity of the 1970 plea and alleging ineffective representation by his prior counsel at the first PCHA hearing. Following a hearing, the court denied relief and filed an opinion in support thereof. This appeal followed.

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

1. Act of January 25, 1966, P.L. (1965) 1580, § 1, et seq., 19 P.S. § 1180–1, et seq. (Supp. 1978–79).

Specifically, appellant presently contends that the inadequacy of his guilty plea colloquy has rendered his guilty plea invalid. He also claims he was not afforded effective representation at his first PCHA proceeding because prior counsel failed to raise the adequacy of the colloquy.

The hearing judge found as a fact that appellant was competently and adequately represented during all of his prior proceedings. Such findings of fact are to be given great deference and will not be disturbed if supported in the PCHA record. *Commonwealth v. Lee*, 478 Pa. 70, 385 A.2d 1317 (1978).

■ The well–established standard for determining whether counsel was ineffective is set forth in *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

"... [C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests."

However, as established in *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), counsel is not ineffective in failing to assert a baseless claim. It is only when the claim which was foregone was of arguable merit that inquiry must be made into the basis for counsel's decision not to pursue the matter. *Commonwealth v. Weathers El*, 485 Pa. 28, 400 A.2d 1295 (1979); *Commonwealth v. Ramsey*, 259 Pa.Super. 240, 393 A.2d 806 (1978).

■ Appellant does not allege that he did not understand the elements of murder, nor does he claim that the elements were not explained to him. He contends only that such an explanation was not encompassed by his guilty plea colloquy. The record discloses that appellant's only witness, his prior PCHA counsel, testified that through discussions with appellant, his family, and appellant's trial counsel, he determined that the elements of murder had been explained to appellant. He also testified that he discussed the voluntariness of the plea with appellant and determined that appellant un-

derstood the components of the crime to which he pleaded guilty. For this reason, counsel testified that the adequacy of the guilt plea colloquy was "not an issue in the case."

Appellant asserts, in support of his ineffectiveness claim, that elementary research by his prior PCHA counsel would have revealed *Com. ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968), and would have ensured proper representation of his interests. In *Rundle*, the Pennsylvania Supreme Court *suggested* that trial courts make a record which adequately reflects, *inter alia*, the defendant's understanding of the offense charged. *Commonwealth v. Minor*, 467 Pa. 230, 234, 356 A.2d 346, 348 (1976). Such an understanding had been held to be essential to a valid guilty plea prior to appellant's initial PCHA hearing. *Commonwealth v. Cushnie*, 433 Pa. 131, 249 A.2d 290 (1969); *Commonwealth v. Enty*, 442 Pa. 39, 271 A.2d 926, *cert. denied*, 402 U.S. 913, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971).

It is clear that appellant's prior PCHA counsel did indeed do that which he is accused of leaving undone. The following exchange occurred at the PCHA hearing between appellant's present counsel and his prior counsel:

"Q. (By appellant's present counsel) Were you familiar or have you been familiar at any time with the Supreme Court case *ex rel. West v. Rundell* [sic] decided in 1968?

"A. (By appellant's prior counsel) Yes.

"Q. Did you have occasion to consult that case in Mr. Davis' representation?

"A. Yes." (Hearing Transcript 7–8.)

Appellant's prior PCHA counsel also acknowledged that he was familiar with the Pennsylvania Rules of Criminal Procedure as they existed in 1972. Based upon the relevant case law and prior counsel's discussions with appellant, his family and his attorney at trial, prior counsel determined that appellant did indeed understand the elements of the crime charged. We cannot fault appellant's prior counsel for failing to assert a claim which he knew was inaccurate.

It is true, as appellant asserts, that *Commonwealth v. Minor, supra,* states that *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), had announced no new law concerning the proper standard for valid guilty pleas. *Commonwealth v. Minor, supra,* 467 Pa. at 235, 356 A.2d at 348. The majority's reasoning that *Ingram* developed no new law was based upon its conclusion that "an understanding of the elements of the offense[s] charged [was] necessary to an intelligent, knowing and voluntary guilty plea," even prior to *Ingram. Id.,* 467 Pa. at 233, 356 A.2d at 347. The record supports the finding that appellant's prior counsel determined that appellant understood the elements of the offense charged. Consequently, counsel cannot be held ineffective for not raising the claim. *Commonwealth v. Hubbard, supra.*

Order affirmed.