455 A.2d 632

COMMONWEALTH of Pennsylvania

v.

Gilbert WILLIAMS, Appellant.

Supreme Court of Pennsylvania.

Submitted Dec. 9, 1982.

Decided Jan. 31, 1983.

Barnaby C. Wittels, Philadelphia (court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Michael L. Turner, Asst. Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

In May, 1979, appellant Gilbert Williams was convicted by a jury of murder of the second degree, robbery, aggravated assault and possession of an instrument of crime. Post-verdict motions were denied and appellant was sentenced to life imprisonment for murder, a consecutive term of imprisonment of ten to twenty years for robbery, and a concurrent term of imprisonment of two and one-half to five years for the weapons offense; sentence was suspended on the assault conviction. This direct appeal followed.

Appellant first argues that the trial court erred in granting the Commonwealth's application for an extension of time under Rule 1100, Pa.R.Crim.P. This argument is without merit.

Appellant was arrested and a criminal complaint was filed against him on September 7, 1978. Thus, the last day for trial under Rule 1100 was March 6, 1979.[1] On February 21, 1979, appellant's counsel filed a request for a continuance

---

1. Rule 1100(a)(2) provides:

   Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

and asked appellant to waive his rights under Rule 1100 because counsel was not prepared to proceed to trial. Appellant refused to waive his rights under the rule. In addition, there was some disagreement between appellant and his counsel concerning counsel's investigation of the case and concerning some information which appellant had requested from his counsel and which he had never received. As a result, two days later, on February 23, 1979, appellant's counsel requested, and the trial court granted him, permission to withdraw as counsel. On March 1, 1979, the Commonwealth filed a petition to extend the time for the commencement of appellant's trial under Rule 1100. In support of its petition, the Commonwealth noted that because appellant had refused to waive his rights under Rule 1100 on February 21, 1979, his counsel had been granted permission to withdraw from his representation of appellant; and that the matter had been continued to March 5, 1979 for the appointment of new counsel. On March 5, 1979, new counsel was appointed for appellant and a hearing was held on the Commonwealth's extension petition. At the hearing, appellant's new counsel informed the court that he had "no knowledge whatsoever of any of the facts or procedures or what has taken place in this case other than I received a phone call asking if I would come over to accept this appointment . . . ." Counsel further informed the court that he had no way of knowing whether the Commonwealth's petition was valid, and that appellant was still vehemently opposed to waiving his rights under Rule 1100. The trial judge then reminded appellant of the discussion she had had with him on February 21, 1979, in which she informed him that if his attorney were permitted to withdraw and a new attorney were appointed to represent him, there was no way his new attorney would be prepared to proceed to trial by March 6, 1979. The trial court granted the Commonwealth's petition and extended the date for trial until June 4, 1979. Appellant demanded a jury trial and voir dire commenced on May 1, 1979.

At the time of the trial in this case, Rule 1100(c) provided:[2]

> At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.... Such application shall be granted only if trial cannot be commenced within the prescribed period *despite due diligence by the Commonwealth....*

(Emphasis added.)

The circumstances which prevented appellant from obtaining a fair trial within 180 days in this case—the fact that appellant disagreed with his original counsel about the conduct of the case, the fact that appellant's original counsel was not prepared to proceed to trial and had to withdraw from the case, and the fact that new counsel was appointed to represent appellant only one day before the expiration of the 180-day period under Rule 1100—were neither the fault nor the responsibility of the Commonwealth. Since the delay in this case was caused solely by appellant's difficulties with his counsel, and since that delay occurred despite due diligence on the part of the Commonwealth, the trial court properly granted the Commonwealth's petition for an extension of time.

Appellant next argues that his newly-appointed counsel was ineffective because he failed to defend appellant properly at the hearing on the Commonwealth's petition under Rule 1100. This argument is also without merit.

Counsel is not ineffective when he fails to assert a baseless claim. *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977). Since the trial court did not err in granting the Commonwealth's extension petition, any objection appellant's counsel could have made at that hearing would have been without merit. Appellant's counsel

2. This rule was amended in 1981, effective January 1, 1982. This amendment has no effect on the present case, however.

230

was not ineffective for failing to place a meritless objection on the record.

■ Finally, appellant argues that he was denied a fair trial and that he is now entitled to an arrest of judgment because a statement made by the prosecutor during his closing argument constituted blatant and wilful misconduct which disparaged appellant and prejudiced the jury. However, there was no objection to this statement at the time the prosecutor made it, or at the completion of the prosecutor's argument. Accordingly, this claim has been waived. *See Commonwealth v. Johnson,* 467 Pa. 146, 159 n. 12, 354 A.2d 886, 893 n. 12 (1976).

Judgments of sentence affirmed.