460 A.2d 346

**COMMONWEALTH of Pennsylvania**

v.

**Eric HANKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1981.

Filed May 13, 1983.

Petition for Allowance of Appeal Denied Aug. 24, 1983.

8

Leonard Rubin, Philadelphia, for appellant.

Deborah Fox, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is a direct appeal from judgment of sentence. We now affirm in part and dismiss in part.

Appellant was arrested on November 5, 1979 and charged with burglary, criminal trespass, possession of an instru-

ment of crime generally, and criminal conspiracy.[1] The Philadelphia Defenders Office was appointed to represent appellant at trial. A motion to suppress evidence was filed and a hearing on the motion was held July 23, 1980 before Judge Thomas A. White. The motion was denied. Defendant thereupon waived his rights to a jury trial and to a recusal request in open court following a full colloquy. Appellant's trial counsel joined the district attorney in stipulating that all the relevant and admissible testimony from the suppression hearing be incorporated into the record of trial, also before Judge White, which followed almost immediately after the denial of the suppression motion. Judge White found appellant guilty of attempted burglary, conspiracy, and possessing an instrument of crime generally. Appellant was acquitted of the criminal trespass charge. Counsel for appellant filed no post-verdict motions, but appellant himself filed *pro se* motions. The motions were denied on September 17, 1980 and appellant was sentenced that same day. On the burglary and criminal conspiracy charges the court sentenced appellant to eighteen months to three years on each charge to be served concurrently. On the remaining conviction he was given a suspended sentence.

Appellant filed a timely appeal from the attempted burglary conviction only. On July 27, 1981 appellant petitioned for allowance to amend his appeal to include the criminal conspiracy and the possessing on instrument of crime convictions as well. The petition was granted without prejudice to the Commonwealth's right to brief or argue that these latter appeals were untimely. We agree with the Commonwealth that the latter two convictions were not timely appealed and hence are not properly before us. See *Commonwealth v. Hill,* 267 Pa.Superior Ct. 140, 142 n. 1, 406 A.2d 558, 558 n. 1 (1979).

Appellant now argues that the evidence is insufficient to sustain the attempted burglary conviction. Read-

1. 18 Pa.C.S. §§ 3502, 3503, 907(a), and 903.

ing the evidence in the light most favorable to the Commonwealth as verdict winner, *Commonwealth v. Burton*, 450 Pa. 532, 301 A.2d 599 (1973) we believe the court could properly find appellant guilty of attempted burglary. Reading the evidence in that light, the facts as developed at trial are these. On November 5, 1979 at 4:30 a.m. one officer Wilson of the Philadelphia Police Department responded to a radio call about a burglary in progress near the corner of Germantown and Somerset Streets. Upon arriving at the scene Officer Wilson observed appellant (known to him because of a previous arrest), and a companion as they approached a public telephone on the wall of the Raisman Toy Store at the corner in question. Appellant was carrying something in his hands. Appellant looked at Officer Wilson and recognized him. Appellant then placed the items on a ledge near the telephone. The two men then walked away from the scene. Officer Wilson went to the telephone and found a claw hammer and a screwdriver which had been altered such that it looked much like a chisel. The officer then observed a piece of cardboard partially covering a hole in the wall in the toy store. This hole was about fifteen feet from the spot where appellant and his companion were when Officer Wilson first observed them. Officer Wilson then followed the two men and arrested them. At the time of the arrest both appellant and his companion were wearing heavy work gloves, despite the relative balminess of the evening. Their clothes and the gloves were covered with dust closely resembling a small pile of dust underneath the hole in the toy store's wall. The owner of the toy store testified at trial that the hole had not been there the day before, and that he had not authorized appellant or anyone to make such a hole.

It is clear that the Commonwealth must prove its case beyond a reasonable doubt, but it is equally clear that this may be done by circumstantial evidence alone. *Commonwealth v. Dawson*, 464 Pa. 254, 346 A.2d 545 (1975). The trial court concluded that the time of the occurrence, the proximity of appellant to the hole and the dust on his

clothes, as well as the abandonment of the tools following his recognition of Officer Wilson were sufficient to allow an inference of guilt beyond a reasonable doubt. We agree that the evidence was sufficient.

■ Represented by new counsel on appeal appellant also contends that trial counsel was ineffective. He raises several such claims. His first claim is that counsel was ineffective for allowing appellant to waive his right to jury trial and to have the case tried by the suppression motion judge, because the suppression court heard testimony from Officer Wilson concerning appellant's arrest by the officer on other burglary charges. Of course, appellant waived his jury trial after the court conducted a full colloquy. He has not claimed that counsel's alleged ineffectiveness in any way constituted an extraordinary circumstance undermining the voluntariness of the waiver of that right. Since he has not attacked the voluntariness of his jury trial waiver his counsel's ineffectiveness, if any, is irrelevant, and we need not address the issue.

■ Second among appellant's ineffectiveness claims is the contention that counsel was ineffective when he agreed to use the suppression motion evidence as part of the record at trial. Appellant contends that this was ineffective because of the danger that the court might not remember the evidence, or might not be able to distinguish testimony relevant to the question of guilt from that testimony relevant only to the suppression motion. Of course, counsel cannot be ineffective for failing to raise meritless issues, *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). This argument is clearly meritless. First of all, the time lapse between the suppression hearing and trial was only a few moments. Moreover, when a trial judge sits as the trier of fact he is presumed to be competent, learned in the law and—unlike a jury—capable of distinguishing relevant from irrelevant and admissible evidence from prejudicial evidence. Cf. *Commonwealth v. Batty*, 482 Pa. 173, 393 A.2d 435 (1978); *Commonwealth v. Rouse*, 207 Pa.Superior Ct. 418, 421–22, 218 A.2d 100, 102 (1966); *Commonwealth v. Berkery*, 200 Pa.Superior Ct. 626, 190 A.2d 572

(1963). The trial judge sitting as suppression court only heard evidence of appellant's prior arrest. This evidence was certainly not inflammatory and the trial court could easily have divorced it from his mind at the trial stage.

Lastly, appellant contends that counsel was ineffective for having failed to inform him of the necessity of filing detailed post-verdict motions or risk waiving issues of having failed to file post-verdict motions, of having failed to file a brief arguing in favor of appellant's *pro se* post-verdict motions, and in failing to request transcription of the notes of testimony. Appellant, however, has failed to assert any bases on which these alleged inactions can be considered ineffective. These allegations are made, as it were, in a vacuum. Absent even an allegation of claims foregone there is nothing whatsoever for us to evaluate. There being no allegation that claims of arguable merit were foregone there can be no ineffectiveness of counsel.

Accordingly, we affirm the judgment of sentence as to the attempted burglary conviction (Philadelphia Court of Common Pleas, November Term, 1979, No. 1478), and dismiss the appeals from the possessing an instrument of crime conviction (No. 1480) and the conspiracy conviction (No. 1481) as having been untimely filed.

Affirmed in part, and dismissed in part.