461 A.2d 820

**COMMONWEALTH of Pennsylvania**

v.

**Vincent COURTS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 27, 1983.

Filed June 3, 1983.

Petition for Allowance of Appeal Denied Oct. 3, 1983.

John Francis Lyons, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, CIRILLO and WATKINS, JJ.

CIRILLO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Dauphin County, dated September 30, 1981, denying the appellant's supplemental petition for relief pursuant to the Post Conviction Hearing Act.

On September 9, 1974, appellant Vincent Courts, after trial by jury, was convicted of murder in the first degree[1] for the killing of Ralph Jones, and attempted murder[2] of Alan Jones arising from the same incident. Post-trial motions were filed, argued and denied. On June 12, 1975, the appellant was sentenced to a term of life imprisonment on the murder conviction, and to a term of not less than five nor more than ten years on the conviction of attempted murder. A direct appeal was filed, and the Supreme Court of Pennsylvania affirmed the convictions.[3]

On February 2, 1981, appellant filed a petition pursuant to the Post Conviction Hearing Act (PCHA).[4] The PCHA Court appointed PCHA counsel on February 3, 1981. On July 16, 1981, appellant filed a supplemental petition under the Post Conviction Hearing Act. The PCHA Court denied appellant's petition for relief without a hearing. On September 29, 1981, appellant filed a motion for the appointment of new counsel and a motion to remove the court appointed PCHA attorney from his case. These motions were denied. Appellant, on October 13, 1981, filed on his own behalf a notice of appeal from the denial of his PCHA petition. On October 28, 1981, the PCHA Court appointed new counsel to represent the appellant and this appeal followed.

Appellant has raised four issues on this appeal: (1) whether an individual charged with murder has an absolute right to the severance of the other charges for separate trials; (2) whether the failure of trial counsel to timely move for a severance of the murder and attempted murder indictments constituted ineffective assistance of counsel; (3) whether the application of a rubber-stamp facsimile signa-

1. The pertinent statute in effect at the time of this case was Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2502(a).

2. *Id.* § 901(a).

3. *Commonwealth v. Courts,* 468 Pa. 613, 364 A.2d 684 (1976). See this case for a complete discussion of the relevant facts.

4. Act of January 25, 1966, P.L. (1965) 1580, § 1; 19 P.S. §§ 1180–1 *et seq.*

ture on the indictments rendered them null and void; and (4) whether the failure of trial counsel to object to the use of a rubber-stamp facsimile signature on appellant's indictment constituted ineffective assistance of counsel.

■ As to the first issue raised, appellant contends that the consolidation for trial of the indictments for murder and attempted murder was in violation of Pa.R.Crim.P. Rule 219.[5] This rule dealt specifically with the joinder and severance of offenses and defendants in indictments. It provided that,

Rule 219. Joinder of Offenses and Defendants in Indictments

(a) Where murder is alleged in an indictment, no other counts may be joined in the indictment except voluntary and involuntary manslaughter.

(b) Two or more offenses of any grade, other then murder, may be charged in the same indictment if they are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. There shall be a separate count for each offense charged.

(c) Subject to the limitations of clause (b), two or more defendants may be joined in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. They may be charged in one or more counts together or separately. All defendants need not be charged in each count.

(d) The court, of its own motion, or on application of a party, may order separate trials of counts, grant a severance as to any defendant, or provide other appropriate relief.[6]

**5.** 42 Pa.C.S.A. (hereinafter cited as Rule 219).

**6.** Rule 219 was amended in 1981. It presently provides,
Rule 219. Joinder of Offenses and Defendants in Indictments
(a) Two or more offenses of any grade may be charged in the same indictment if

■ Although Rule 219 provided on its face only for joinder of separate offenses in a single indictment, the Supreme Court treated it as equally applicable to the consolidation of separate indictments for trial. *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715, (1981); *Commonwealth v. Lasch*, 464 Pa. 573, 347 A.2d 690, (1975); *Commonwealth v. Moore*, 463 Pa. 317, 344 A.2d 850 (1975);

(1) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion or

(2) the offenses charged are based on the same act or transaction. There shall be a separate count for each offense charged.

(b) Subject to the limitations of paragraph (a), two or more defendants may be joined in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. They may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Pa.R.Crim.P. Rules 1127 and 1128, which did not exist at the time of the trial in the instant case, deal specifically with the consolidation of separate indictments for trial and the severance of offenses for trial. These rules provide,

Rule 1127. Joinder—Trial of Separate Indictments or Informations

A. STANDARDS

(1) Offenses charged in separate indictments or informations may be tried together if

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

(2) Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

B. PROCEDURE

(1) Written notice that offenses or defendants charged in separate indictments or informations will be tried together shall be served on the defendant at or before arraignment. A copy of the notice shall be filed with the clerk of court.

(2) When notice has not been given under paragraph B(1), any party may move to consolidate for trial separate indictments or informations, which motion must ordinarily be included in the omnibus pretrial motion.

Rule 1128. Severance of Offenses or Defendants

The court may order separate trials of offenses or defendants or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together.

42 Pa.C.S.A.

*Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973). Thus, when examining the propriety of consolidation of charges, the Supreme Court has stated that the first task is to determine whether the separate indictments consolidated for trial could have been joined in a single indictment as provided in Rule 219(b). *Commonwealth v. Lasch, supra,* 464 Pa. at 583, 347 A.2d at 695.[7]

It is clear under the language of Rule 219, that the charges giving rise to the instant case were not of the type which could be joined in a single indictment. Rule 219(b) specifically exempted a murder charge from those classes of charges which may be joined in an indictment. Furthermore, Rule 219(a) explicitly prohibited the joinder of a murder charge with any other count besides voluntary or involuntary manslaughter. Therefore, under the reasoning of *Lasch,* the charges of murder and attempted murder could have been severed and afforded separate trials.

However, appellant urges this Court to interpret the language of Rule 219 as providing an absolute right to a severance of the charges which were tried in the instant case, thereby entitling appellant to new, separate trials regardless of whether a timely pretrial motion for severance was filed. We find this contention to be without merit.

The Courts of this Commonwealth have declined to adopt a rule requiring an absolute right to severance of charges. *Commonwealth v. Peterson, supra; Commonwealth v. Morris, supra.* Instead, the general policy of the Commonwealth has been to encourage the consolidation of indictments whenever the needs of judicial economy will be advanced. *Commonwealth v. Rose,* 265 Pa.Super. 159, 401 A.2d 1148 (1979); *Commonwealth v. Lasch, supra.*

**7.** Joinder of offenses in an indictment or information is the act of the prosecutor, subject to review by the court. Consolidation is the procedure by which more than one indictment or information are brought together for a single trial. Consolidation is the act of the court. *Commonwealth v. Morris, supra.* In the instant case, separate indictments were filed. Therefore, we are dealing herein with the issue of consolidation, not joinder.

The Supreme Court recently addressed this issue in *Commonwealth v. Morris, supra.* There, the defendant urged the Court to adopt The American Bar Association Standard, providing for an absolute right to severance of offenses for trial purposes.[8] The Court stated,

Adoption of the American Bar Association's standard, providing for an absolute right to severance of the offenses, is appealing because of its simplicity. This rule, however, raises the question of whether implementation of such a broad right to severance is feasible in light of the heavy demands on today's criminal courts. Furthermore, in situations where evidence of one crime would be admissible at a separate trial of another, a rule requiring automatic severance would impose an undue burden on the administration of justice without providing any real benefit to the defendant. Therefore, it is the opinion of this Court that the middle course strikes the balance that is to be desired.

493 Pa. at 175, 425 A.2d at 720.[9]

■ Furthermore, the Commonwealth is required to bring all known charges against a defendant which arise out of the same criminal episode in a single proceeding. *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), explained, 455 Pa. 622, 314 A.2d 854, cert. denied,

---

**8.** American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance, § 2.2 (Approved Draft, 1968). This section provides,

Whenever two or more offenses have been joined for trial solely on the grounds that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. Justice Roberts advocated the adoption of this rule in his dissenting opinion in *Commonwealth v. Peterson, supra,* 453 Pa. at 194, 307 A.2d at 272.

**9.** Appellant argues that the evidence presented at trial which related to the first degree murder charge was purely circumstantial and that when viewing the evidence of this charge separately from the evidence of aggravated assault, the jury would not have convicted the appellant of the murder charge. This matter was treated previously by our Supreme Court which held that the evidence was sufficient on all charges. *Commonwealth v. Courts,* 468 Pa. 613, 364 A.2d 684 (1976).

417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974); *Commonwealth v. Green,* 232 Pa.Super. 134, 335 A.2d 493 (1975). The charges of first degree murder and attempted murder arose out of a single criminal episode; a car accident and occurences following the car accident gave rise to the original prosecution of the appellant.

Therefore, we find that appellant has no absolute right to a severance of the murder charge from the attempted murder charge and is thereby not entitled to new and separate trials on this ground.

■ As to the second issue raised, appellant contends that the failure of trial counsel to timely move for a severance for trial of the murder indictment and the indictment for attempted murder constituted ineffective assistance of counsel entitling the appellant to a new trial.

■ The test for determining whether a defendant has been denied effective assistance of counsel is well established. "... [C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." (Emphasis in original) *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Moreover, in order to be entitled to relief under a theory of ineffective assistance of counsel, it must appear that counsel's action or inaction was prejudicial to the defendant. *See: Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Gordon,* 254 Pa.Super. 267, 385 A.2d 1013 (1978). When it cannot be determined from the record whether counsel acted pursuant to a reasoned course, the proper remedy is to remand the record for an evidentiary hearing on that issue. *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978). However, where it is clear from the record that the acts or omissions claimed to constitute ineffective assistance are either devoid of merit or within the realm of trial strategy, such a remand is not necessary. *Commonwealth v. Wade,* 480 Pa. 160, 389 A.2d 560 (1978).

Applying these standards to the facts of the instant case, we find that appellant was not denied his constitutional right to effective assistance of counsel.

Appellant contends that he was unfairly prejudiced through the joint trial of the murder and attempted murder charges. The Courts of this Commonwealth have given cognizance to several kinds of prejudice which may result from the consolidation of separate offenses. These are:

> (1) defendant may become embarrassed or confounded in his defense; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt, when, if considered separately, it would not so find.

*Commonwealth v. Peterson, supra,* 453 Pa. at 194, 307 A.2d at 267.

Appellant alleges that the jury used the evidence of the attempted murder charge to convict him of the first degree murder charge or cumulated the evidence to find guilt under both charges.

Evidence of one crime is inadmissible against a defendant being tried for another crime because the fact of the commission of one offense is not proof of the commission of another. *Commonwealth v. Peterson, supra; Commonwealth v. Morris, supra.* However, there sometimes exist special circumstances which operate as exceptions to the general rule and bring the case within the equally well established principle that evidence of other crimes is admissible when it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial,—in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the

accused is the person who committed the other. *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955); *Commonwealth v. Peterson, supra; Commonwealth v. Morris, supra.* When the evidence is relevant and important to one of these five issues, it is generally conceded that the prejudicial effect may be outweighed by the probative value. *Commonwealth v. Peterson, supra.*

In the instant case, it is clear that the evidence presented regarding the attempted murder charge would have been admissible in a separate trial for the first degree murder charge to show motive, intent, absence of mistake, and logical connection between the crimes. As such, the failure of counsel to make a motion to sever the charges for trial did not result in undue prejudice to the appellant.

Furthermore, a review of the record reveals that the particular course chosen by trial counsel had some reasonable basis designed to effectuate appellant's interests. By not moving to sever the charges, counsel avoided multiple trials, the potential use of one crime to impeach at the trial of the other, the higher costs to the appellant in defending two cases, and alienating the trial judge. The failure to sever the charges for trial appears to have been the result of the sound planning of trial strategy. *Commonwealth v. Wade, supra.* The appellant or the Court may not believe, in hindsight, that this was the most reasonable strategy. However, this does not constitute sufficient grounds for a finding of ineffective assistance of counsel.[10]

Appellant's third contention is that the application of a rubber-stamp facsimile signature on the indictments giving rise to the instant case rendered the indictments null and void as being unsigned.

**10.** In *Commonwealth v. Crawford*, this Court stated that,
> The test is not whether other alternatives were more reasonable employing a hindsight evaluation of the record ... [T]he balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. (Citations omitted).

285 Pa.Super. 169, 179, 427 A.2d 166, 171 (1981).

Pa.R.Crim.P. Rule 213(a) provides that "[a]n indictment shall be signed by the attorney for the Commonwealth ...." [11] Whether a rubber stamp facsimile constitutes a "signature" under Rule 213(a) has not been specifically addressed by the Courts of the Commonwealth. Appellant strongly urges this Court to apply to indictments the rule which requires a manual signature of the district attorney to be placed on bills of information.[12] However, appellant fails to distinguish the inherent difference between an indictment and an information.

The policy behind the requirement of a manual signature on an information is well established. Recently, in *Commonwealth v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 (1982), this Court, sitting *en banc*, stated its reasons for this requirement.

> Under Pa.R.Crim.P. 225(a) the attorney for the Commonwealth has the discretionary power to either proceed with charges by information or move to nolle prosequi the charges. The district attorney or his designee is also mandated to inquire into and make full examination of all the facts and circumstances connected with each case to determine if the filing of an information is warranted 42 Pa.C.S.A. § 8931(d). Thus the act of approving the information is one fraught with grave consequences not the least of which may be the career, reputation and very freedom of the defendant. It would demean the significance of this fateful document if we were to interpret the words "shall be signed" to permit affixing a rubber stamp facsimile to the information. We would thus reduce the required attestation to a mere clerical mechanism no different or more deliberative, for example, than assigning the information a file number for office convenience. It would be simpler and just as meaningful to have the name of the attorney for the Commonwealth

---

**11.** 42 Pa.C.S.A.

**12.** *Commonwealth v. Belcher*, 258 Pa.Super. 153, 392 A.2d 730 (1981); *Commonwealth v. Emanual*, 285 Pa.Super. 594, 428 A.2d 204 (1981); *Commonwealth v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 (1982).

preprinted on the information form. It is, therefore, our belief that *only a written indication by the district attorney or his designee, that the charges contained in an information have been considered and approved satisfy the "signature" requirement of Pa.R.Crim.P. 225(b)*. While the prosecution may find the personal signature requirement of Pa.R.Crim.P. 225(b) to be burdensome, any inconvenience is far outweighed by the need for a deterrent against frivolous charging of an accused.

306 Pa.Super. at 402–03, 452 A.2d at 787. (Emphasis added).

The final presentment of a bill of indictment by a grand jury is the culmination of a strictly mandated procedural process.[13] At least fifteen jurors must review the charges in the bill of indictment presented to them by the district attorney.[14] Each juror as well as the forman must be administered an oath prior to consideration of the indictment.[15] Each witness heard by the grand jury must be sworn in and his name placed on the bill of indictment.[16] The bill of indictment may be approved only "if it receives the affirmative vote of at least twelve grand jurors."[17] The foreman of the grand jury is directed to personally sign the bill.[18] If, after due consideration by the requisite number of jurors, the bill is dismissed, the Court is directed to either dismiss the defendant or reduce his bail if proper under the circumstances.[19]

**13.** *See generally* Pa.R.Crim.P., Rules 200–211, 42 Pa.C.S.A.

**14.** *Id.;* Rule 201(a). This rule provides,
(a) The grand jury shall consist of not less than fifteen nor more than twenty-three legally qualified persons.

**15.** *Id.;* Rule 206.

**16.** *Id.;* Rule 207.

**17.** *Id.;* Rule 210(b).

**18.** *Id.;* Rule 210(a).

**19.** *Id.;* Rule 210(d).

In recognition of the many safeguards inherent in the grand jury process, not present in the process of filing a bill of information, our Court has stated,

A bill of indictment presented by a grand jury has indicia of reliability not bound in a bill of information. The grand jury has made an independent determination of the sufficiency of the evidence which need merely be ratified by the district attorney. In the case of a bill of information, however, it is the prosecutor alone who must decide whether to bring the defendant to trial. When the vehicle for initiating a criminal trial (i.e., the information) is unsigned, it is not at all apparent that a reasoned evaluation of the advisability of instituting a criminal trial has been made. The signature on the information is, therefore, a vital ingredient which guarantees the authenticity and reliability of the document.

*Commonwealth v. Belcher*, 258 Pa.Super. 153, 155–156, 392 A.2d 730, 731 (1978), *rev'd on other grounds, Commonwealth v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 (1982).

In line with this reasoning, the grand jury, when faced with a bill of indictment, decides whether to bring the defendant to trial. The signature of the foreman, not the district attorney, is the necessary indication that "a reasoned evaluation of the advisability of instituting a criminal trial has been made." *Commonwealth v. Belcher, supra*, 258 Pa.Super. at 156–157, 392 A.2d at 731. It is therefore the signature of the foreman, not the district attorney, which guarantees the reliability and authenticity of the bill of indictment and acts as a deterrent against the frivolous charging of an accused. The foreman's signature appears on the bills of indictment charging the appellant in the instant case.

■ We therefore hold that a rubber-stamp facsimile signature of the district attorney on a bill of indictment is adequate to fulfill its purpose of ratifying the determination of the grand jury and thereby constitutes a proper signing for the purpose of Rule 213(a). The need for a manual signature by the district attorney is far less in the case of a

bill of indictment than in the case of a bill of information as the duties of the district attorney in reviewing a bill of information are superceded by the grand jury's finding of probable cause in passing on a bill of indictment. As such, the rubber-stamp facsimile of the district attorney's signature on the indictments charging the appellant in the instant case does not render such indictments null and void and the present charges may not be dismissed on this ground.

We find appellant's fourth contention, that the failure of appellant's trial attorney to object to the use of the rubber-stamp facsimile signature on appellant's indictments constituted ineffective assistance of counsel, to be without merit. It is a well established principle in this Commonwealth that counsel will not be deemed to have been ineffective for failing to assert a baseless or frivolous claim. *Commonwealth v. Davis,* 279 Pa.Super. 218, 420 A.2d 1111 (1980); *Commonwealth v. Rainey,* 282 Pa.Super. 15, 422 A.2d 652 (1980). It is only when the claim which has been forgone was of arguable merit that inquiry must be made into the basis for counsel's decision not to pursue the matter. *Commonwealth v. Weathers El,* 485 Pa. 28, 400 A.2d 1295 (1979); *Commonwealth v. Davis, supra.*

Therefore, our holding herein that a rubber-stamp facsimile signature of the district attorney does not render a bill of indictment invalid, negates any basis upon which such claim could have been predicated. Further inquiry into the attorney's reasons for failing to assert this claim need not be undertaken and appellant's trial counsel cannot be deemed ineffective for failing to raise it.[20]

Additionally, it must be noted that the appellant waited six years from the time the jury rendered its verdict

---

**20.** Appellant also contends that the decision in *Commonwealth v. Emanuel, supra,* that a rubber-stamp facsimile signature on a bill of information does not satisfy the signature requirement of Pa.R. Crim.P. 225(b), be applied retroactively to the instant case which was decided some six years before *Emanuel.* In light of our holding that a rubber-stamp facsimile signature constitutes a proper signing under Pa.R.Crim.P. 213(a), we do not find it necessary to herein address this issue.

124

in this case until he filed a petition for post-conviction relief. A lapse of time in filing a PCHA petition is a factor in assessing its merit. *Commonwealth v. Alexander*, 495 Pa. 26, 29, 432 A.2d 182, 183 (1981); *Commonwealth v. Strickland*, 306 Pa.Super. 516, 452 A.2d 844 (1982).

Moreover, this Court has recently stated that, "ineffective assistance of counsel has become the last ditch ploy of defendant's in criminal cases and should not be encouraged." *Commonwealth v. Strickland, supra,* 306 Pa.Super. at 526, 452 A.2d at 849; *Commonwealth v. Alberts,* 285 Pa.Super. 10, 12, 426 A.2d 678, 679 (1981). We may not permit a defendant to couch his claims for post-conviction relief in terms of ineffective assistance of counsel in situations where it is clear that counsel provided reasonable and conscientious legal services.

Accordingly, we affirm the order of the Court below.