474 A.2d 322

**COMMONWEALTH of Pennsylvania**

v.

**James MORROW a/k/a James Brown, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1984.

Filed April 6, 1984.

3. We express no opinion on the efficacy of the default judgment entered against the wife of appellant.

444

Robert A. Rovner, Feasterville, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, BECK and JOHNSON, JJ.

CIRILLO, Judge:

This appeal is from an order denying the appellant's second petition for relief under the Post Conviction Hearing Act.[1]

In February of 1970, the appellant was convicted by a jury of forceable rape and burglary with intent to commit a

---

1. Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 1 *et seq.*, 19 P.S. § 1180–1 *et seq., repealed,* Act of April 28, 1978, P.L. 202, No. 53, § 2(2) (1397) effective June 27, 1980, *as amended* by Act of June 26, 1980, P.L. 265, No. 77, § 2 delaying repeal until June 27, 1981, *as further amended* by the Act of June 26, 1981, P.L. 123, No. 41, § 1 delaying repeal until June 26, 1982, *repealed* by Act of May 13, 1982, P.L. 587, No. 1982–122, § 3, *replaced* by 42 Pa.C.S. § 9541 *et seq.*

felony. After the denial of post-verdict motions, the appellant was sentenced to a term of imprisonment of not less than three nor more than ten years. The appellant appealed to the Superior Court, which resulted in the affirmation of the judgment of sentence. *Commonwealth v. Morrow*, 218 Pa.Super. 848, 279 A.2d 310 (1971).

On April 5, 1976, the appellant filed his first PCHA petition. The Honorable Ethan Allen Doty denied relief after a hearing and this Court affirmed the order. *Commonwealth v. Morrow*, 262 Pa.Super. 632, 396 A.2d 851 (1978). On August 4, 1980 the appellant filed his second PCHA petition. After argument, the Honorable Edward J. Blake again denied relief. This appeal followed.

Following his arrest, the appellant signed a waiver of counsel form and then took part in a line-up. In his first PCHA petition, the appellant alleged that a police officer had tricked him into signing the waiver by misinforming the appellant that he was signing a form required for obtaining a lawyer.

The appellant maintains in this appeal that his first PCHA counsel was ineffective for not pursuing the issue of waiver and eliciting more information during the hearing on this subject. Our appellate courts have uniformly held that counsel will not be deemed ineffective for failing to raise baseless or frivolous issues. *Commonwealth v. Anderson*, 501 Pa. 275, 461 A.2d 208 (1983); *Commonwealth v. Williams*, 500 Pa. 226, 455 A.2d 632 (1983); *Commonwealth v. Courts*, 315 Pa.Super. 108, 461 A.2d 820 (1983); *Commonwealth v. Hankins*, 314 Pa.Super. 7, 460 A.2d 346 (1983). Prior to the line-up, police read the arrest warrant to the appellant, including the terms of the waiver. They told him that he had a right to the presence of counsel and would be provided a lawyer if he could not afford one. The appellant acknowledged that he understood his rights and signed the waiver. The suppression court found that the appellant voluntarily waived his right to counsel and this Court affirmed. Since we can find no merit to the contention that

the appellant was tricked into signing the waiver, counsel cannot be ineffective for failing to pursue this issue.[2]

■ The appellant also argues that his first PCHA counsel was ineffective in failing to inform him of his right to file a petition for allocatur and in failing to file such a petition. The appellant does not allege that he was unaware of his right to petition the Supreme Court for allowance of appeal. Indeed, such a position would be incredulous in light of his past experience with the judicial system. The appellant, likewise, does not allege that he wanted counsel to pursue this avenue of review, or that he told him to do so. In view of the fact that our appellate courts have never held counsel ineffective *per se* for failing to file a petition for allocatur, the appellant's bald assertions fail to rebut the presumption that counsel provided competent assistance. *See: Commonwealth v. Norris*, 305 Pa.Super. 206, 451 A.2d 494 (1982). Consequently, under the facts of this case, counsel's failure to pursue further appellate action on this meritless claim does not constitute ineffective representation.

The appellant's conviction took place more than fourteen years ago. His challenges to that proceeding have been decided and redecided by both trial and appellate courts. They have resurfaced before this Court under the guise of ineffectiveness of PCHA counsel. We find such an abuse of post-conviction proceedings to be appalling. The Post Conviction Hearing Act was designed to give convicted defendants a final chance to vindicate their constitutional right to due process of law to the extent that questions raised had not been previously adjudicated or waived. *Commonwealth v. Rightnour*, 469 Pa. 107, 364 A.2d 927 (1976); *Commonwealth v. Murray*, 315 Pa.Super. 417, 462

2. A lapse of time in filing a PCHA petition is a factor to be considered in assessing its merits. *Commonwealth v. Courts*, 315 Pa.Super. 124, 461 A.2d 828 (1983); *Commonwealth v. Strickland*, 306 Pa.Super. 516, 452 A.2d 844 (1982). A period of over six years transpired between the time of conviction and the filing of the first PCHA petition. This lengthy delay in seeking post-conviction relief bolsters our conclusion that the appellant's claim lacks merit.

A.2d 264 (1983). The PCHA was never meant to afford defendants endless opportunities at bombarding the judiciary with frivolous appeals, nor to make a mockery of the concept of judgment finality. Accordingly, relief is denied and the order of the hearing court is affirmed.

Order affirmed.

BECK, J., concurs in the result.