J. S30028/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                        :          PENNSYLVANIA
          v.              :
                        :
KEVIN MAMUZICH,           :        No. 3098 EDA 2014
                        :
        Appellant     :

Appeal from the PCRA Order, September 8, 2014,
in the Court of Common Pleas of Northampton County
Criminal Division at Nos. CP-48-CR-0003009-2012,
CP-48-CR-0003010-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED OCTOBER 14, 2015**

Appellant, Kevin Mamuzich, appeals the order of the Court of Common Pleas of Northampton County that dismissed his petition brought pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). We affirm.

A prior panel of this court summarized the facts and procedural history of this case as follows:

> The Commonwealth charged Appellant with various crimes in two criminal informations stemming from an incident on July 29, 2012. On that date, police arrested Appellant after he entered a private residence, was confronted by one of the residents, and then left with personal property. Police recovered the stolen items from Appellant's person. The Commonwealth charged Appellant with burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and loitering and prowling at

nighttime. While imprisoned, Appellant sent letters to the victims. As a result, the Commonwealth charged him, in the other criminal information, with intimidation of a witness/victim.

On February 4, 2013, Appellant pled guilty to burglary. In exchange, the Commonwealth agreed to withdraw all of the remaining charges in both criminal informations and recommended a low-end, standard range sentence. After an oral colloquy, the trial court accepted Appellant's guilty plea. The trial court sentenced Appellant pursuant to the Commonwealth's recommendation, imposing a term of imprisonment of two to four years.

On February 13, 2013, trial counsel filed a post-sentence motion to withdraw Appellant's guilty plea, as well as a motion to withdraw as counsel. The trial court permitted trial counsel to withdraw, appointed counsel to represent Appellant on the motion to withdraw his guilty plea, and scheduled a hearing. After the hearing, the trial court denied relief by order and opinion entered on March 21, 2013.

*Commonwealth v. Mamuzich*, No. 1185 EDA 2013, unpublished memorandum at 1-2 (Pa.Super. filed December 19, 2013). Appellant appealed and raised two issues regarding his guilty plea. *Id.* at 2-3. This court addressed appellant's arguments and found the record supported the trial court's denial of appellant's post-sentence motion to withdraw his guilty plea. We determined appellant voluntarily, knowingly, and intelligently entered his guilty plea; hence, we affirmed.

On February 11, 2014, the trial court received a letter from appellant dated February 6, 2014, in which he complained that appellate counsel failed to timely notify him regarding this court's December 19, 2013 decision, and

appellate counsel failed to timely appeal the Superior Court's decision to the Pennsylvania Supreme Court. By order dated February 11, 2014, the trial court appointed Christopher Brett, Esq., as PCRA counsel, to represent appellant with any PCRA issues. On February 28, 2014, Attorney Brett appeared at an issue-framing conference and presented the following issues:

I.    Ineffective assistance of trial counsel:

A.    Failure to fully explain nature and elements of charges to the Defendant of which Defendant was pleading guilty.

B.    Failure to inform Defendant that Defendant was going to enter a plea of guilty to the negotiated plea.

C.    Failure to explore possible Defenses to the charges and possible exculpatory evidence offered by Defendant.

II.    Ineffective assistance of Appellate counsel:

A.    Failure to timely file an appeal of Superior Court Order Denying Defendant's Appellate brief supporting [sic] Defendant's motion to withdraw guilty plea.

Certified record, document #51 at 3.

On March 12, 2014, an order was issued scheduling a PCRA hearing for May 5, 2014. At the May 5, 2014 PCRA hearing, the trial court determined it would not hear testimony regarding appellant's allegations of ineffective assistance of counsel with regard to the guilty plea because that

issue had already been pursued and addressed by this court in our December 19, 2013 memorandum decision.

Regarding the failure to file a petition for allowance of appeal, the trial court did hear testimony from appellate counsel, Brian Monahan, Esq., who stated he had determined that none of the issues asserted in the case warranted the filing of a petition for allowance of appeal. (Notes of testimony, 5/5/14 at 10.) Attorney Monahan testified that he did prepare a petition for allocatur along with a letter to appellant indicating he did not believe there was any "jurisdiction in the Pennsylvania Supreme Court."[1] (*Id.* at 10-11.) He acknowledged his letter was sent to appellant several days beyond the 30-day appeal period. (*Id.* at 11.) Attorney Monahan also testified appellant contacted him by letter after the 30-day appeal period indicating his desire to appeal. (*Id.*) Attorney Monahan admitted he could have sought *nunc pro tunc* relief, but he did not do so because he believed there was no basis for an appeal. (*Id.* at 12.)

On May 15, 2014, Attorney Brett submitted a no-merit letter in which he concluded that appellant's PCRA petition had no merit. On May 21, 2014, the trial court denied appellant's PCRA petition; however, the court inadvertently failed to notify appellant. On August 20, 2014, appellant filed a *pro se* motion for *nunc pro tunc* relief and an appeal to this court. On

---

[1] We believe Attorney Monahan was referring to a lack of issues the Pennsylvania Supreme Court would be willing to consider.

September 8, 2014, the PCRA court granted appellant's petition for leave to appeal ***nunc pro tunc***.

Appellant raises one issue for our consideration:

> 1. WHETHER THE TRIAL COURT COMMITTED LEGAL ERROR BY DENYING APPELLANT'S PCRA CLAIM THAT APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE THE PETITION FOR ALLOWANCE OF APPEAL TO THE SUPERIOR [sic] COURT WHICH [sic] SUCH PETITION WAS A MATTER OF RIGHT?

Appellant's brief at 4.

Our standard of review for the dismissal of a PCRA petition is well settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this court reviews the PCRA court's legal conclusions ***de novo***. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super. 2014) (citation omitted).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." **Fears**, **supra** at 804 (brackets in original; citation omitted). To prevail on any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced--that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." **Commonwealth v. Elliott**, 80 A.3d 415, 427 (Pa. 2013) (citation omitted).

Instantly, appellant claims that trial counsel was ineffective for not petitioning for allowance of appeal to the Pennsylvania Supreme Court. "[W]hile a defendant does not have an automatic right to an appeal in the Supreme Court, he has a right to *file* a PAA, 'provided that appellate counsel believes that the claims that a petitioner would raise . . . would not be completely frivolous.'" **Commonwealth v. Ellison**, 851 A.2d 977, 979 (Pa.Super. 2004), quoting **Commonwealth v. Liebel**, 825 A.2d 630, 635 (Pa. 2003) (emphasis in original).

On direct appeal, appellant only challenged whether the trial court committed an abuse of discretion in denying his post-sentence motion to

withdraw his guilty plea by questioning the validity of his guilty plea. On December 19, 2013, this court rejected those claims. ***See Mamuzich***, ***supra***. Counsel failed to timely inform appellant that this court had affirmed the judgment of sentence. According to counsel, he could have requested an appeal ***nunc pro tunc***, but he decided there were no non-frivolous issues that would have warranted the filing of such an appeal and told appellant as much. Appellant now argues he was entitled to such an appeal, and due to the failure of counsel to inform him, the trial court committed an error of law in denying his PCRA claim. (Appellant's brief at 11.) We disagree.

The trial court, in denying relief on this ineffectiveness claim, opined:

> Under Rule 1114 of the Pennsylvania Rules of Appellate Procedure, "review of a final order of the Superior Court or the Commonwealth Court is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor." Pa.R.A.P. 1114(a). Further, our Superior Court has found that "if a defendant knows of his right to file a petition for allowance of appeal, counsel is not automatically deemed ineffective for failing to seek review by the Supreme Court . . . . a defendant must elaborate on the merits of the issue that counsel abandoned in failing to seek Supreme Court review." ***Commonwealth v. Gilbert***, 595 A.2d 1254, 1256 (Pa.Super. 1991) (citing ***Commonwealth v. Morrow***, 474 A.2d 322, 324 (Pa. Super. 1984)).
>
> Here, the Petitioner's letter of February 6, 2014, indicates an awareness of his right to file a petition [for] allowance of appeal, as he asserts that Appellate Counsel ineffectively represented him in failing to file such a petition to the Supreme Court upon receipt of the Superior Court's decision. The Petitioner also has not elaborated on any of the

merits of the underlying issue, other than baldly stating: "I've provided Mr. Monahan with plenty of case law to assist in my appeals, in which, [sic] he never used." Letter, 02/06/14. The issues raised by the Petitioner do not rise to the level required under Rule 1114, as there has been no demonstration that there are special and important reasons for the appeal. The Petitioner has not shown, therefore, that his underlying PCRA claims have arguable merit, failing to meet the first prong of the standard to prove ineffective assistance of counsel. ***See Michael Pierce***, 786 A.2d at 213. As such, we find that the Petitioner has not sufficiently alleged ineffective assistance of counsel with regard to Appellate Counsel.

Trial court opinion, 5/21/14 at 6-7.

Pennsylvania Rule of Appellate Procedure 1114, **Considerations Governing Allowance of Appeal**, provides as follows:

> **(a)** **General Rule**. Except as prescribed in Rule 1101 (appeals of right from the Commonwealth Court), review of a final order of the Superior Court or the Commonwealth Court is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor.
>
> **(b)** **Standards**. A petition for allowance of appeal may be granted for any of the following reasons:
>
> > (1) the holding of the intermediate appellate court conflicts with another intermediate appellate court opinion;
> >
> > (2) the holding of the intermediate appellate court conflicts with a holding of the Pennsylvania Supreme Court or the United

States Supreme Court on the same legal question;

(3)     the question presented is one of first impression;

(4)     the question presented is one of such substantial public importance as to require prompt and definitive resolution by the Pennsylvania Supreme Court;

(5)     the issue involves the constitutionality of a statute of the Commonwealth;

(6)     the intermediate appellate court has so far departed from accepted judicial practices or so abused its discretion as to call for the exercise of the Pennsylvania Supreme Court's supervisory authority; or

(7)     the intermediate appellate court has erroneously entered an order quashing or dismissing an appeal.

Given that none of the above reasons applies to this case and the only issue preserved concerns the validity of the guilty plea and whether the trial court erred when it denied appellant's post-sentence motion to withdraw it, we conclude counsel's reason for failing to file a ***nunc pro tunc*** petition for allowance of appeal was strategically justified because only frivolous grounds remain. ***See***, ***e.g.***, ***Rigg***, 84 A.3d at 1088 (counsel was not ***per se*** ineffective in not filing a petition for allowance of appeal where the lone issue appellant wished to be reviewed was a discretionary sentencing claim that our supreme court is statutorily precluded from reviewing).

Instantly, appellant's issue has been addressed by the trial court and affirmed on direct appeal by this court. There are no other non-frivolous issues that could be raised before the Pennsylvania Supreme Court. ***See*** Pa.R.A.P. 302 (issues not raised in the lower court are waived). Accordingly, appellant's ineffectiveness claim warrants no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015