393 A.2d 1197

COMMONWEALTH of Pennsylvania

v.

**William SISCO, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 16, 1978.

Decided Nov. 18, 1978.

John F. Dougherty, Jr., Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert E. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

The sole issue presented in this appeal from a post-conviction hearing court's denial of relief is whether appellant received the benefit of effective assistance of trial counsel in reaching his decision to enter pleas of guilty. We are satisfied that counsel was not ineffective and therefore we now affirm the order of the court below.

The Commonwealth's evidence established that on the night of May 18, 1969, appellant retrieved a loaded shotgun from where it had been secreted near his home. He then joined three other members of the 37th Street gang, to which he belonged, and proceeded by automobile to North Union Street, Philadelphia, in search of members of a rival gang. As the vehicle proceeded along North Union Street, one of the occupants used the shotgun to fire at two youths then on the street. As a result the two victims died of the wounds received. Appellant and his associates returned to his home and appellant hid the shotgun in a nearby shed. Appellant was arrested on the next day and taken into custody where, after being warned of his constitutional rights, he admitted his complicity in the incident.

Trial counsel was appointed to represent him prior to the preliminary hearing which was scheduled for July 7, 1969. Trial commenced on June 26, 1970. Following a full and extensive colloquy, appellant entered pleas of guilty to murder, generally, for the deaths of the two victims. The appellant also agreed to testify at the trial of a co-defendant, which he later did. In exchange, the Commonwealth certified that the offenses did not rise higher than murder of the second degree and recommended sentences of five to twenty years for each murder charge, to run concurrently. Appellant was subsequently sentenced to two concurrent terms of three to twenty years.

In this appeal, appellant concedes the adequacy of the colloquy. However, he attempts to sustain his ineffective assistance claim urging that counsel provided inadequate representation in advising him with reference to the entry of the pleas of guilty. Appellant attempts to support his charge by focusing upon the time counsel spent in conference with him.[1] We have previously stated that, "the time actually spent by counsel with the accused discussing his case is not necessarily related to, and affords no basis for inferring, the extent of total trial preparation." *Commonwealth v. Owens*, 454 Pa. 268, 272, 312 A.2d 378, 381 (1973). *See also Commonwealth v. Woody*, 440 Pa. 569, 271 A.2d 477 (1970); *Commonwealth v. Berry*, 440 Pa. 154, 269 A.2d 921 (1970); *Commonwealth ex rel. Johnson v. Russell*, 428 Pa. 440, 239 A.2d 399 (1968). The length of time counsel en-

1. We note that prior to trial the record reflects that there were five hours devoted to consultation between appellant and his counsel. In addition to these meetings, which were devoted solely to conference between attorney and client, counsel was present with his client at a three hour preliminary hearing and at a one hour hearing on a motion to suppress. Thus, the actual communication between counsel and client prior to the day of trial far exceeds the time involved in those cases where an insufficient consultation complaint has previously been considered by this Court. *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973) (time spent in consultation did not exceed one hour); *Commonwealth v. Woody*, 440 Pa. 569, 271 A.2d 477 (1970) (a few minutes before trial); *Commonwealth ex rel. Johnson v. Russell*, 428 Pa. 440, 239 A.2d 399 (1968) (counsel appointed same day as trial).

gaged in conversations with his client is only one factor to be considered. Equally as important is the complexity of the legal and factual issues presented, the nature of the charges, the possible defenses available, the availability of witnesses, the strength of the case against the client, and the alternatives that were present. However, as the opportunity for consultation diminishes, there is a corresponding increase in the significance of this factor. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 499, 608–09, 235 A.2d 349, 354–55 (1967). There was nothing about the time factor that would indicate either that counsel did not have sufficient time to properly prepare the case or that there was an inadequate opportunity to fully advise the client.

■ Counsel's assistance is deemed constitutionally effective once the reviewing court is able to conclude that a particular course chosen had some reasonable basis designed to effectuate the client's interest. *Commonwealth ex rel. Washington v. Maroney, supra.* Appellant was charged with two murders, to which he had admitted his complicity. There was testimony which might have supported a jury finding that both of these killings constituted murder of the first degree.[2] In such event appellant would have been exposed to two sentences of life imprisonment. Additionally, the recommended sentences were significantly below the maximum sentence authorized for the charge and the sentences actually imposed were more lenient than the recommended sentences. Further, appellant received the benefit of having the sentences run concurrently and not consecutively.[3] Under all of the circumstances, it is clear that the negotiated plea was a reasonable alternative designed to effectuate appellant's best interests.

Apart from the reference to the time spent in consultation with the client, the only alleged derelictions on the part of

2. The Commonwealth's testimony indicated that the group went to North Union Street for the express purpose of shooting any member of the rival gang that they might chance upon.

3. Appellant was in fact paroled on these charges and then returned to custody after a violation of that parole.

trial counsel are that he did not indicate to his client that the court might have suppressed his confession and that appellant was required to elect to plead guilty under circumstances where he was under an emotional strain. With respect to the first complaint appellant has offered no basis which would justify the belief that the court might have suppressed the confession in the event there had been an election to go to trial.[4]

We are also satisfied that there is no merit to the allegation that appellant was required to make the judgment to plead guilty in an unusually strained setting. There was nothing about the circumstances under which appellant elected to enter a plea that was distinctive. The only pressures would be those normally attendant upon the making of a decision of this importance.

■ We are therefore satisfied that the hearing court properly rejected the request for post-conviction relief.

Order affirmed.

4. As has been previously noted, there was a pre-trial suppression hearing (see footnote 1) in this case, but the record fails to reflect what evidence was being challenged in that proceeding.