400 A.2d 1295

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**O'Neal WEATHERS EL, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 5, 1979.

Decided May 1, 1979.

William L. Steiner, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On June 3, 1974, appellant, O'Neal Weathers El, was convicted by a jury in Allegheny County of murder of the first degree for the fatal shooting of Kelvin Parker. Post trial motions were denied, and a sentence of life imprisonment was imposed. A direct appeal was filed in this Court, and we affirmed the judgment of sentence. *Commonwealth v. Weathers El*, 467 Pa. 13, 354 A.2d 250 (1976). At all times up to and including his direct appeal, Weathers El was represented by members of the public defender's office. On November 12, 1976, represented by new counsel, Weathers El commenced an action under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp.1978–79) [Hereinafter: PCHA, 19 P.S. § ——]. After a counseled hearing, the PCHA court denied relief, and Weathers El now appeals from that order.

Weathers El complains he was denied effective assistance of trial counsel. PCHA, 19 P.S. § 1180–3(c)(6). His claim is based on the following:

At trial, the Commonwealth charged the shooting occurred during an attempt to rob the victim, Kelvin Parker, of drugs. In defense, Weathers El testified, in part, that he was addicted to heroin at the time of the crime. A subsequent question by defense counsel as to the effect of his being without an injection was objected to by the Common-

wealth. When the court asked the purpose of the question, defense counsel replied:

> "*I am not trying to show inability to form an intent.* I am trying to show his physical state at the time of this homicide.

> \* \* \* \* \* \*

> "He went . . . to Kelvin Parker's house to get drugs. He needed them." [Emphasis added.]

The court sustained the objection to the question indicating the accused's "physical state" at the time was irrelevant. Counsel made no attempt to pursue the matter further.

The court later instructed the jury, inter alia, that Weathers El could be found guilty of murder of the first degree: (1) if the killing occurred in the commission of an attempt to commit a robbery; or, (2) if the killing was willful, deliberate, and premeditated. The jury's general verdict did not indicate upon which theory its finding of guilt was based.

At the post-conviction relief hearing, Weathers El testified that he was a heroin addict at the time involved; that he had his last injection the day before the robbery; that at the time of the attempted robbery, he was physically ill from symptoms of withdrawal; that his mental state was "sick" and "out of it"; and, that he joined with his co-defendant in planning and executing the robbery but was sick at the time.[1]

█ It is now contended trial counsel was ineffective:[2] (1) in not introducing or attempting to introduce at trial

---

1. Although the prosecution proceeded on a theory of felony murder, the jury was charged on both willful, deliberate, and premeditated murder and felony murder. At the time of the offense, both were murder of the first degree. 18 Pa.C.S.A. § 2502(a). The state of the law was such that evidence of voluntary intoxication would have been relevant to a charge of willful, deliberate, and premeditated murder, but not to a charge of felony murder. *Commonwealth v. Tarver*, 446 Pa. 233, 284 A.2d 759 (1971). The jury returned a general verdict of murder of the first degree.

2. The issue of counsel's ineffectiveness at trial is not waived although it was not raised on direct appeal since Weathers El was represented at trial and on appeal by the public defender's office. It

Weathers El's testimony that he was sick and suffering from symptoms of withdrawal from drugs at the time of the crime, as related by the accused during the PCHA hearing, to negate the presence of the specific intent required to sustain a conviction of a willful, deliberate, and premeditated killing; and, (2) in failing to preserve for post-verdict and appellate review the trial court's alleged error "in charging the jury upon both nonfelony and felony murder . . . ..

▮▮▮▮ In order to determine whether counsel's assistance was effective, we must be "able to conclude the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). [Emphasis in original.] However, counsel cannot be found ineffective for failing to assert a meritless claim. Only when an abandoned claim is of arguable merit must we inquire into counsel's basis for not pursuing it. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Thus, although trial counsel testified at the PCHA hearing that his failure to introduce testimony of Weathers El's withdrawal sickness was "an oversight," there was no prejudice to appellant.

A close study of the testimony at the PCHA hearing discloses nothing sufficient to support a finding that Weathers El was so sick as to render him incapable of forming a willful, deliberate, and premeditated design to kill or incapable of judging his acts or their consequences. Additionally, the trial court's instructions to the jury were correct under the proof at trial. Counsel may not be found ineffective for failure to pursue meritless claims.

Order affirmed.

would be unrealistic to expect counsel to argue ineffectiveness of a member of his own office on appeal. See *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974).