401 A.2d 327

**COMMONWEALTH of Pennsylvania**

v.

**Donald Russell HOSACK, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 5, 1979.

Decided May 1, 1979.

Ross E. Cardas, Mercer (Court-appointed), for appellant.

David B. Douds, Asst. Dist. Atty., Mercer, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On September 9, 1968, appellant, Donald Russell Hosack, pleaded guilty in the Court of Common Pleas of Mercer County to murder generally and two counts of rape. A

three-judge panel held a degree-of-guilt hearing and found him guilty of murder of the first degree. He was sentenced to imprisonment for life for murder and ten to twenty years on each count of rape, the sentences to run consecutively. No direct appeal was filed.

In 1971, appellant filed a petition under the Post Conviction Hearing Act (PCHA)[1] in which he sought to withdraw his guilty plea and made various allegations of ineffectiveness of counsel. The post conviction hearing court denied relief. We affirmed. *Commonwealth v. Hosack*, 459 Pa. 27, 326 A.2d 352 (1974).

Appellant and two co-defendants filed a writ of error *coram nobis* challenging the legality of the sentence. The post conviction hearing court treated it as a PCHA petition and denied it. We affirmed for failure to explain why the issue was not raised previously. *Commonwealth v. McConnell*, 470 Pa. 312, 368 A.2d 646 (1977).

In 1977, appellant, with new counsel, filed a third PCHA petition, alleging incompetence on the part of prior counsel for failing to raise certain matters. The trial court denied the petition without holding an evidentiary hearing. Appellant has appealed the court's order, alleging that he was entitled to a hearing.

▮▮▮ Appellant contends that he was not advised of his rights at the time of his arrest. If this is so, appellant was not prejudiced because he was not questioned and did not make any statement. Appellant could not have been helped by counsel contending that he was not advised of his rights. Counsel is effective if his or her chosen course of action had a reasonable basis designed to effectuate the client's interest. *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Moreover, counsel is not deemed ineffective for not pursuing meritless claims. *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974). Since counsel could not have helped appellant by claiming that he had not been advised of his rights, the decision not to do so was consistent

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1, et seq., effective March 1, 1966.

with a reasonable course of action, as the claim was meritless.

■ Appellant also alleges that his rights were violated in that he was not given a copy of the complaint against him and that his fingerprints were taken without his having been formally arrested. He presents no authority to support the contention that his rights were necessarily violated thereby, nor do we see any merit to the contention. Consequently, the failure of counsel to advance it previously did not constitute ineffectiveness. Counsel is not deemed ineffective for not pursuing meritless claims. *Commonwealth v. Rice, supra.*

■ Finally, appellant renews the challenge to the legality of his sentence of life imprisonment. The court stated no minimum sentence. Appellant argues that the lack of a stated minimum unconstitutionally denies him the opportunity for parole. He claims that the attorney who represented him in his second PCHA petition was ineffective in failing to explain why the issue was not raised previously. This claim need not be dealt with because appellant was not harmed. In *Commonwealth v. Brenizer*, 477 Pa. 534, 384 A.2d 1218 (1978), this court stated:

"Appellant argues, however, that this second sentence was more severe in that the consecutive sentence rather than the concurrent sentence for kidnapping increased the amount of punishment by delaying his eligibility for parole. We do not agree that any delay in parole eligibility occurred. Section 21 of the Act of August 6, 1941, P.L. 861, as amended, 61 P.S. § 331.21, provides in relevant part:

"'331.21 Power to parole; refusal of parole at expiration of minimum term, recommitment and reparole.

The board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board, except convicts condemned to death or serving life imprisonment, whenever in its opinion the best interest of the convict justify or require

his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby. The power to parole herein granted to the Board of Parole may not be exercised in the board's discretion at any time before, but only after the expiration of the minimum term of imprisonment fixed by the court in its sentence or by the Pardon Board in a sentence which has been reduced by commutation . . . .'

"Appellant's initial life imprisonment sentence precluded his parole without regard to the concurrent or consecutive nature of the judgment of sentence imposed on the kidnapping conviction. Appellant's judgments of sentence imposed after his guilty plea were not limited by the Act of 1941, and he was eligible for parole after serving the minimum sentence. In the instant case, we find that appellant did not receive a more severe sentence within the holding of *Pearce*." (Footnotes omitted.)

As appellant received a life sentence, he was not eligible for parole and, therefore, the lack of the minimum sentence constitutes no prejudice to appellant's chances for "parole."

Appellant's petition is facially meritless. It was, therefore, unnecessary to hold an evidentiary hearing before denying it.

The order of the Court of Common Pleas is affirmed.