419 A.2d 1360

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John GULDIN.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed June 20, 1980.

Nancy Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Leonard Sosnov, Assistant Public Defender, Philadelphia, for appellee.

Before HESTER, MONTOGOMERY and CIRILLO, JJ.*

CIRILLO, Judge:

On September 12, 1976, a criminal complaint was lodged against the appellee charging him with arson and other offenses. On February 10, 1977, at a proceeding at which appellee was not present, his then counsel attempted to waive appellee's rights under Pennsylvania Rule of Criminal Procedure 1100. This waiver purported to extend the time of trial until May 1, 1977. Trial began on September 13, 1977, and the appellee was found guilty of all charges. New counsel was appointed for the appellee, who filed post–trial motions, and a petition to dismiss under Rule 1100. A hearing was held at which original counsel testified, and the Court below held that the purported waiver was a nullity,

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

and granted the appellee's motion in arrest of judgment and ordered him discharged. The Commonwealth has appealed to this Court.

The right to a speedy trial is a fundamental right which is personal to the accused. However, it may be waived: *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976). The Commonwealth has the burden of establishing the validity of any waiver, and the record must indicate that the waiver was made voluntarily and understandably by the defendant: *Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979). In this case, not only was the appellee not present at the purported waiver, but he was not informed of his counsel's purported waiver until after the fact. His former counsel testified that he did not inform the appellee of his intended waiver and never received any consent to a waiver. It is obvious, therefore, that the purported waiver was a nullity, and the Court below properly discharged the appellee.

Order affirmed.