463 A.2d 1011

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John GULDIN, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 28, 1983.

Decided Aug. 1, 1983.

Eric B. Henson, Deputy Dist. Atty., Philadelphia, for appellant.

68

John W. Packel, Chief, Appeals Div., Leonard Sosnov, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

McDERMOTT, Justice.

On September 13, 1976, appellee John Guldin was arrested and charged with arson and other related offenses in connection with a fire that was set to appellee's home the night before in Philadelphia, which spread to six surrounding homes and endangered the lives of nearly twenty people in that area.

In accordance with Pa.Rule of Criminal Procedure 1100(a)(2),[1] appellee was required to be brought to trial on or before March 13, 1977. At a status listing conference on February 10, 1977, the trial judge extended the Rule 1100 run-date from March 13, 1977, until May 1, 1977.[2] Thereafter, appellee twice personally waived his Rule 1100 rights, on April 14 and July 29, 1977, and was thereafter brought to trial on September 20, 1977. At a bench trial, appellee was convicted of three counts of arson and of related offenses, but was granted a new trial by the trial judge, based upon appellee's allegations of trial error. At retrial on July 17, 1978, appellee, represented by new counsel, was again convicted at a bench trial of all charges. However, on November 2, 1978, the trial judge granted appellee's post-verdict motion in arrest of judgment and ordered the appellee

---

1. Pa.R.Crim.Pro. 1100(a)(2) states, "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. The trial judge's rationale for extending the run date was that a defense motion to quash that had been pending for nearly three months constituted judicial delay. However, the motion to quash was not "still pending or resolved so near the expiration of the mandatory period fixed by the rule" so as to qualify as judicial delay as enumerated by this Court in *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

discharged. The trial judge's ruling was premised on a finding that appellee's Rule 1100 rights had been violated prior to his first trial when appellee's counsel failed to object to the trial court's recalculation of the Rule 1100 run date, since appellee had not personally waived his Rule 1100 rights. The Commonwealth of Pennsylvania, as appellant in this matter, appealed that decision to the Superior Court, which affirmed the lower court's determination. From that decision,[3] we now reverse.[4]

A close examination of the record of the status listing conference of February 10, 1977, when the Rule 1100 run-date was extended reveals the following: Appellee's counsel initiated the conference by advising the court and the prosecutor that his client had voluntarily entered Eagleville Hospital for rehabilitation treatment for drug and alcohol abuse, and that his client would be receiving treatment for the ensuing two months. Since the Rule 1100 run-date was March 13, 1977 and appellee would still be undergoing his hospitalized rehabilitation at that time, defense counsel told the court, "[u]nder these circumstances, I do not believe I would resist a motion from the district attorney if they wanted to extend the 180 day Rule, your Honor." Record, 2/10/77 at p. 2. When the court inquired of the prosecutor whether he was going to file a petition to extend, the prosecutor was not given full opportunity to answer the question. Rather the trial judge intervened and incorrectly[5] extended the run-date by 49 days. Thereafter, the prosecutor noted for the record, "I would state, we were ready to go to trial, we always have been ready to go on trial on this case." Record, 2/10/77 at p. 5.

In addition, the record shows that appellee's counsel at the first trial had several reasons—all designed to effectuate his client's best interest—for wanting the Rule 1100 run-date to

3. *Commonwealth v. Guldin*, 278 Pa.Super. 69, 419 A.2d 1360 (1980).

4. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 724.

5. See n. 2, supra.

be extended. At the post-verdict hearing following appellee's second trial, appellee's initial trial counsel testified that it was an integral part of the defense strategy to have the trial postponed in order to enable the appellee to better assist in the preparation of his case and to more effectively testify in his own behalf. Furthermore, counsel noted that he had hoped the trial postponement would allow victims whose homes had been damaged by appellee's actions to testify in a less hostile and emotional manner than they had at the preliminary hearing. Also, counsel aptly pointed out that in the event of appellee's conviction, his successful completion of the rehabilitation program would permit him to argue for mitigation of his sentence.[6] It must also be noted, however, that initial trial counsel at the post-verdict hearing, admitted having had no authority to waive Rule 1100 on his client's behalf at the time of the status conference.

 Within this scenario, the lower courts found that appellee's counsel, by not objecting to the improper extension of time, effectively waived his client's Rule 1100 rights without authority to do so. While a criminal defendant may waive his Rule 1100 rights only if such waiver constitutes an informed and voluntary act, *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976), we do not find that this case involves the waiver of Rule 1100. Rather, we find that the Rule 1100 run-date was properly extended as excludable continuance time. At the time of appellee's trial, Rule 1100(d)(2)[7] provided, "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results

6. In fact, defense counsel at appellee's second trial did argue that appellee's successful rehabilitation made a prison sentence unnecessary.

7. Subsequent to appellee's trial, this section of Rule 1100 was amended and recodified in Rule 1100(d)(3)(ii) and provided that, "[i]n determining the period for commencement of trial, there shall be excluded therefrom: ... (3) such periods of delay at any stage of the proceeding as results from: ... (ii) any continuance granted at the request of the defendant *or his attorney*." (Emphasis added).

from: (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

■ Since it is clear from the record that the Commonwealth was prepared to go to trial within the period set out in the Rule and that defense counsel was neither ready nor willing to proceed to trial within this period, we find that defense counsel's statement, "(u)nder these circumstances, I do not believe I would resist a motion from the district attorney if they wanted to extend the 180 day Rule, your Honor." was, in effect, a request for a continuance. That the trial judge extended the Rule 1100 run date on other grounds will not bar this Court from finding the extension proper as excludable continuance time where the circumstances surrounding the trial judge's decision so patently justify such a finding. Rule 1100 was never intended to be used as a device by which a defendant may escape responsibility for his actions, especially where such defendant makes a representation through his attorney that it is not in his best interests to proceed to trial.

Accordingly, the order of the Superior Court is reversed and this case is remanded to the Court of Common Pleas of Philadelphia for sentencing.

NIX, J., files a concurring opinion.

ZAPPALA, J., files a dissenting opinion.

NIX, Justice, concurring.

The facts of this case clearly demonstrate the error of the order of discharge entered by Judge Lord and affirmed by a panel of the Superior Court. From this record it is apparent that the Commonwealth was ready and willing to try this case prior to the original run date of March 11, 1977. During the February 10, 1977 status listing conference the only impediment to a trial listing before March 11, 1977 was the fact that appellee had voluntarily entered Eagleville Hospital and would be receiving treatment for the ensuing

two months.[1] The fact that the conference judge may have attempted to justify the delayed listing on the grounds of a recalculation of the period because of judicial delay is immaterial.[2] Clearly the delay between March 11th and April 14th was directly attributable to the unavailability of the appellee and thus automatically excludable under section (d) of Rule 1100.[3] See, *Com. v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978); *Com. v. Williams,* 299 Pa.Super. 226, 445 A.2d 537 (1982); *Com. v. Rodriquez,* 291 Pa.Super. 239, 435 A.2d 888 (1981).

Moreover, to justify an order of discharge on a finding of original trial counsel's ineffective representation based upon his failure to object to the April 14th listing defies reason. As we have repeatedly stated, the hallmark of ineffective representation is that the challenged action cannot be found to have been designed to serve the client's best interests. *Com. v. Davenport,* 494 Pa. 532, 431 A.2d 982 (1981); *Com. v. Musi,* 486 Pa. 102, 404 A.2d 378 (1979); *Com v. Hosack,* 485 Pa. 128, 401 A.2d 327 (1979); *Com. v. Weathers El,* 485 Pa. 28, 400 A.2d 1295 (1979); *Com. v. Treftz,* 485 Pa. 297, 401 A.2d 1325 (1979) *Com. v. Williams,* 485 Pa. 137, 401 A.2d 331 (1979); *Com. v. Chumley,* 482 Pa. 626, 394 A.2d 497 (1978); *Com. v. Coleman,* 482 Pa. 581, 394 A.2d 474 (1978); *Com. v. Sisco,* 482 Pa. 459, 393 A.2d 1197 (1978); *Com. ex rel.*

1. During the February 10th conference Mr. Henry, the Assistant District Attorney, made it clear that the delay was not for the benefit of the Commonwealth.

 "I would state, we were ready to go to trial, we always have been ready to go to trial on this case."

2. The fact that a court may have assigned an improper reason for its ruling does not prevent a reviewing court from upholding that ruling where there is a proper basis for it. See, *E.J. McAleer & Co., Inc. v. Iceland Products, Inc.,* 475 Pa. 610 n. 4, 381 A.2d 441 n. 4 (1977); *Wilkinsburg v. Sanitation Dept. of Wilkinsburg,* 463 Pa. 521 n. 2, 345 A.2d 641 n. 2 (1975); *Mazer v. Williams Brothers Company,* 461 Pa. 587 n. 6, 337 A.2d 559 n. 6, (1975).

3. After appellee's release from the hospital, he personally waived operation of the rule on April 14 and July 29, 1977. There is, therefore, no basis for an argument that the period between March 11th and April 14th was more than necessary to accommodate appellee's absence.

*Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Additionally, we have made it clear that hindsight judgment must not be used in making that assessment. *Com. v. Davenport, supra. Com. v. Musi, supra. Com. v. Hosack, supra. Com. v. Weathers El, supra. Com. v. Treftz, supra. Com. v. Williams, supra. Com. v. Chumley, supra. Com. v. Coleman, supra. Com. v. Sisco, supra. Com. ex rel. Washington v. Maroney, supra.*

Whether or not counsel had the authority to waive appellee's rights under the factual setting here involved is not germaine to the question presented. It was at the behest of the defense that the trial was extended and as the majority properly notes it was reasonably designed to effectuate appellee's best interests. It is specious to now argue that because original trial counsel acted without authority and was successful in seeking a delay which was designed to serve the client's best interest, the fact that the action was without authority constitutes ineffectiveness. Such reasoning is tantamount to concluding that trial counsel was ineffective for creating a situation which requires the discharge of his client.

For the stated reasons, I concur in the mandate of the Court.

ZAPPALA, Justice, dissenting.

I dissent.

On September 12, 1976, a criminal Complaint was filed against John Guldin ("Guldin") charging him with arson and other related offenses. Thereafter on September 13, 1976, Guldin was arrested. In accordance with Rule 1100 of our Rules of Criminal Procedure, the run date for trial was set for March 13, 1977. At a status listing conference held on February 10, 1977, the trial run date was extended to May 1, 1977, or more than 180 days after the Complaint was filed. During this conference call, the Appellee was not present nor had he been apprised that the Commonwealth would request an extension of the trial date. The record also indicates that the Appellee did not authorize his attorney to

waive his Rule 1100 rights. After the trial was continued two more times with the Appellee's consent, the Appellee was convicted in a non-jury trial on all charges. Thereafter, the Appellee was granted a new trial based upon grounds other than the violation of his Rule 1100 rights. Prior to the commencement of the Appellee's second trial, the original trial counsel was permitted to withdraw as counsel, and new trial counsel was appointed to represent the Appellee. New trial counsel thereafter filed a petition to dismiss the information under Section (f) of Rule 1100, alleging that prior trial counsel was ineffective for waiving the Appellee's right to a speedy trial, and failing to preserve the issue. This petition was denied by the Honorable Samuel Smith as untimely. After two more extensions of the new trial run date, the Appellee was again convicted of all charges in a second non-jury trial proceeding. Thereafter, Appellee filed post-trial motions asserting incompetency of his trial counsel for waiving his rights to a speedy trial without authority. The Honorable Charles A. Lord conducted a hearing on the post-trial motions after which he granted the Motion to Arrest Judgment and discharged the Appellee. Judge Lord's decision was affirmed by the Superior Court. Petition for Allocatur was thereafter granted by this Court.

The right to a speedy trial is a fundamental constitutional right. *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Rule 1100 of the Pennsylvania Rules of Criminal Procedure has been adopted to insure compliance with this right. *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (1976). According to Rule 1100, a criminal action commenced after June 30, 1974 "shall commence no later than 180 days from the day on which the complaint is filed". Furthermore, Section (c)(1) of the Rule provides for an extension of the trial run date provided that the Commonwealth presents a motion, which first has been served upon the defendant, setting forth the facts upon which the Commonwealth is relying. In addition to the extension provisions of Rule 1100, certain periods of time may be excluded in the computation of the trial run date, such as the time

between the filing of the Complaint and the arrest of the accused when it is determined that the defendant's whereabouts are unknown and that he cannot be found even with due diligence; any time which the defendant expressly waives Rule 1100; any time in which the defendant is unavailable; and any time that the defendant has been granted a continuance. In spite of Rule 1100 and the protection it serves, a defendant may waive this fundamental right provided that such waiver constitutes an informed and voluntary act. *Myrick, supra.* In *Commonwealth v. Waldman,* 484 Pa. 217, 398 A.2d 1022 (1979), a plurality of this Court held that the Commonwealth has the burden of establishing that a defendant knowingly, intelligently and voluntarily waived the rights provided for in Rule 1100. The fact that the defendant's attorney in *Waldman* waived the defendant's right to a speedy trial did not negate the waiver standard set forth in *Myrick.*

It is clear from a review of the record that the attempted waiver of Rule 1100 was ineffective. During the post-conviction hearing, trial counsel for the Appellee testified as to the circumstances surrounding the waiver of Rule 1100 at the status conference before the Honorable Lisa A. Richette on February 10, 1977. Trial counsel acknowledged that he never discussed with the Appellee Rule 1100 nor his authority to waive the same because of the Appellee's unavailability (R. 30a). Furthermore, after the conference on February 10, 1977, trial counsel never inquired of the Appellee whether he agreed with trial counsel's actions (R. 23a). Clearly, then, this is not a situation in which a factual dispute exists as to whether the Appellee granted his trial counsel the authority to waive Rule 1100. Instead, the Appellant asks that we adopt a standard of implied authority to waive Rule 1100 and find under the circumstances that such waiver was effective. With this position I cannot agree. The doctrine of waiver requires a voluntary and knowing decision. In this case, the waiver involved a fundamental constitutional right. Accordingly, the Commonwealth must demonstrate that the Appellee knew of the intention to waive Rule 1100

and assented to such waiver. The record in this instance is noticeably devoid of any such evidence.

Furthermore, it is apparent from the review of the transcript of the status conference that the conference judge was concerned about waiving Rule 1100 without the consent of the Appellee. The conference judge attempted to alleviate this problem by extending the trial run date under Section (d) of Rule 1100. Specifically, the conference judge extended the trial run date by excluding the time that the Appellee's motion to quash the information was pending. This calculation was improper.

In *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976), we addressed the issue of judicial delay in determining excludable time. The Commonwealth argued in *Shelton* that any delay in the proceedings should not be chargeable to the Commonwealth because the delay was caused by the judiciary. Therefore, judicial delay should be excluded from the computation of the trial run date. In rejecting this argument, we held that it was improper for us to imply another exclusion to those enumerated in the Rule. Judicial delay is satisfactorily managed through the extension provision of Section (c). In other words, if judicial delay is preventing the Commonwealth from proceeding, the Commonwealth need only file an application with the Court and in support thereof assert that in spite of its due diligence, the trial cannot proceed. This interpretation is in compliance with the intent of Section (d) which removes that period of time which the defendant causes a delay. If the defendant is not at fault, such time cannot be assessed against him. Furthermore, in *Shelton,* we outlined what circumstances would justify an extension based upon "judicial delay" in that all judicial delays will not mandate an automatic extension:

> "(1) situations where judicial proceedings involving prosecution of the charges are still pending or resolved so near the expiration of the mandatory period fixed by the rule or prior order granting an extension so as to

preclude commencing trial within the period despite the Commonwealth's due diligence.

(2) situations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable."

469 Pa. 18, 364 A.2d 699.

Finally, I disagree with the majority's ruling today that defense counsel requested a continuance by his statement "[u]nder these circumstances I do not believe I would resist a motion from the district attorney if they wanted to extend the 180 day Rule, your Honor." However, even finding this statement to be a request for a continuance does not rectify the waiving of the Appellee's right to a speedy trial without authority or consent.

Accordingly, I would affirm the Order of the Superior Court granting the Appellee's Motion in Arrest of Judgment and his discharge.