**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC CRUZ | : | |
| | : | |
| Appellant | : | No. 556 EDA 2018 |

Appeal from the PCRA Order January 23, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003627-2012

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 28, 2019**

Appellant Eric Cruz appeals from the order of the Court of Common Pleas of Chester County that dismissed his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant raises three claims of the ineffectiveness of trial counsel. After careful review, we affirm.

This Court previously summarized the factual background of this case:

> This matter arises out of an incident that took place in the early morning hours of September 1, 2012, outside of the Star Social Club, on Market Street, in West Chester, Pennsylvania. A fight broke out as people were leaving the club sometime after 3:00 a.m. During the course of that fight, the victim, Jareal Mills, was shot in the left forearm, thereby fracturing it. The break required an open reduction/internal fixation. The Star Social Club, described in testimony as an after-hours drinking establishment, had video surveillance inside. Federal drug enforcement agents had placed video surveillance on a nearby utility pole outside the club. This "pole camera" captured the fight and shooting from a distance of approximately 100 feet.

---

\* Former Justice specially assigned to the Superior Court.

Detectives Louis DeShullo and John O'Hare both testified they knew [Appellant] from the community. Further, internal surveillance video taken from the Star Social Club revealed Cruz was in the club that night and that he left the club shortly before the shooting. Based upon their personal knowledge of [Appellant] and the video of [Appellant] inside the club, they testified they could identify [Appellant] as the assailant in the outside surveillance video. Based upon this, the police put together a photo array, containing a photograph of [Appellant]. This photo array was then shown to Mills, who stated that he could not identify the shooter from the lineup. A few days later, Mills returned to the police, telling them he could identify the shooter in the lineup, but had feared retaliation. He had told his mother about the incident and his mother had convinced him to return to the police. Mills looked at the photo lineup again and identified [Appellant] as the person who shot him. However, at trial, Mills disavowed his pre-trial identification of [Appellant], claiming he had been drinking excessively on the night in question, had likely smoked marijuana, and taken Xanax pills as well.

*Commonwealth v. Cruz*, 1127 EDA 2015, at *2-3 (Pa.Super. April 11, 2016) (unpublished memorandum).

On May 15, 2014, a jury convicted Appellant of Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, and Possessing an Instrument of Crime. On August 14, 2014, Appellant was convicted at a separate bench trial of Persons Not to Possess a Firearm, and Firearms Not to be Carried Without a License. On January 7, 2015, Appellant received an aggregate sentence of fifteen to thirty years' imprisonment. This Court affirmed the judgment of sentence on April 11, 2016, and our Supreme Court denied Appellant's petition for allowance of appeal on August 30, 2016.

On April 18, 2017, Appellant filed this PCRA petition. The PCRA court appointed counsel, who subsequently filed a petition seeking permission to withdraw and a no-merit brief pursuant to *Commonwealth v. Turner*, 518

Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). On December 7, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 2, 2018, Appellant filed a *pro se* response. On January 23, 2018, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw. This timely *pro se* appeal followed.

Appellant raises the following issues on appeal:

I.    Whether trial counsel ineffectively failed to file a pretrial motion to suppress Appellant's inculpatory statement, where Appellant gave a statement in a custodial setting to detectives without being advised of his *Miranda* rights?

II.   Whether trial counsel ineffectively conceded to Appellant's presence and involvement in the melee without consulting with Appellant thereby so undermining the truth determining process that no reliable adjudication of guilt or innocence could have taken place?

III.  Whether trial counsel was ineffective for failing to object to the prosecutor's prejudicial remark, where the prosecutor improperly stigmatized a class of people by negatively stereotyping urban people to live by a street code?

Appellant's Brief, at 3. [1]

Our standard of review is as follows:

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

---

[1] Appellant's PCRA petition was timely filed within one year of the date the judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b)(1).

*Commonwealth v. Johnson*, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (quotation marks and quotations omitted). To be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one of the enumerated circumstances found in 42 Pa.C.S.A. § 9543(a)(2). One of these circumstances includes the "ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

In reviewing a claim of the ineffectiveness of counsel, we are guided by the following principles:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000).... Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce*, *supra*; *Commonwealth v. Holloway*, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa.Super. 2018) (quoting *Commonwealth v. Natividad*, 595 Pa. 188, 207–208, 938 A.2d 310, 321 (2007)).

- 4 -

Our courts have provided further explanation of our review of ineffectiveness claims:

> Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.
>
> **Commonwealth v. Charleston**, 94 A.3d 1012, 1019 (Pa. Super. 2014) (internal brackets and some internal citations omitted). Moreover, "[a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." **Commonwealth v. Tharp,** 627 Pa. 673, 101 A.3d 736, 747 (2014) (citation omitted).

**Commonwealth v. Sarvey**, ___A.3d___, 2018 PA Super 307 (Pa.Super. Nov. 16, 2018).

First, Appellant claims trial counsel was ineffective in failing to seek the suppression of Appellant's statement to police in which he conceded that he was present at the scene of the crime and involved in the fight that occurred before the shooting. Appellant argues that the police impermissibly obtained this statement through custodial interrogation before providing Appellant with his **Miranda** rights. Moreover, Appellant contends that, but for the admission

of the statement, the Commonwealth would have been unable to prove Appellant was present at the crime scene or involved in the fight.

We agree with the PCRA court's determination that this claim lacks arguable merit. Our review of the record confirms the PCRA court's finding that Appellant provided no factual basis in his PCRA petition to support his bald allegation that he was subjected to custodial interrogation without first being given his **Miranda** rights. Appellant's failure to properly plead facts to demonstrate that his claim has arguable merit is a sufficient basis to deny this particular claim.

However, even assuming *arguendo* that Appellant was improperly subjected to custodial interrogation, trial counsel had a reasonable basis for refraining from filing a motion to suppress Appellant's statement, which was substantially exculpatory. As stated above, Appellant admitted to police that he was involved in the fight that occurred before the shooting but averred that he did not shoot the victim. The admission of Appellant's statement into evidence would present the jury with Appellant's assertion that he was not the shooter without Appellant having to testify and be subject to cross-examination. **Commonwealth v. Goosby**, 461 Pa. 229, 231–32, 336 A.2d 260, 261 (1975) (finding counsel had a reasonable basis to acquiesce to the admission of the defendant's statement in order to use its exculpatory content to weaken the prosecution's case); **Commonwealth v. Wright**, 832 A.2d 1104, 1110 (Pa.Super. 2003) (finding counsel had a reasonable basis in not moving to suppress the appellant's statement when its admission would allow

the jury to hear the appellant's explanation for his conduct without having the appellant testify and be subject to cross-examination). Thus, Appellant is not entitled to appellate relief on this claim.

Second, Appellant argues that trial counsel was ineffective in conceding that Appellant was present at the scene of the crime and participated in the fight that occurred before the shooting. Based on the circumstances and evidence presented in this case, we find this claim to be meritless. The prosecution obtained two surveillance videos that showed Appellant was present at the crime scene at the time of the shooting. In addition, the prosecution could present the victim's prior statement identifying Appellant as the shooter as well as Appellant's own statement admitting he was present at the club when the shooting occurred.

As a result, it was a reasonable strategy for trial counsel to concede that Appellant was present at the crime scene while arguing that the Commonwealth could not prove Appellant was the shooter. We agree with the trial court's observation that it would be difficult for trial counsel to argue that Appellant was not present at the crime scene as counsel would need to convince the jury to reject overwhelming evidence showing the contrary, namely, the video evidence and the testimony of the detectives who identified Appellant as one of the participants captured on the surveillance footage. Further, our courts have held that it is reasonable strategy for counsel to concede unfavorable facts or the defendant's guilt of a lesser included offense in an effort to defend against more serious charges. ***See Commonwealth v.***

*DeHart*, 539 Pa. 5, 18, 650 A.2d 38, 44 (1994) (finding it reasonable for counsel to concede the appellant's guilt with respect to the escape charge in an effort to defend against the other more serious charges which could have resulted in the imposition of a death sentence).

Moreover, we also reject Appellant's claim that trial counsel was ineffective in failing to discuss with Appellant his strategy to concede Appellant's presence at the crime scene. The United States Supreme Court has rejected the suggestion that counsel must discuss all strategic options with a criminal defendant:

> An attorney undoubtedly has a duty to consult with the client regarding "important decisions," including questions of overarching defense strategy. *Strickland,* 466 U.S., at 688, 104 S.Ct. 2052. That obligation, however, does not require counsel to obtain the defendant's consent to "every tactical decision." *Taylor v. Illinois,* 484 U.S. 400, 417–418, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (an attorney has authority to manage most aspects of the defense without obtaining his client's approval).

*Florida v. Nixon,* 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004).

Our state appellate courts have reached the same conclusion:

> We do not hold that counsel's failure to discuss all strategic options with a defendant is *per se* ineffective assistance. "A decision by counsel not to take a particular action does not constitute ineffective assistance if that decision was reasonably based, and was not the result of sloth or ignorance of available alternatives." *Commonwealth v. Collins,* 519 Pa. 58, 65, 545 A.2d 882, 886 (1988). See also: *Commonwealth v. Christy,* 511 Pa. 490, 501, 515 A.2d 832, 837 (1986), *cert. denied,* 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987); *Commonwealth v. Twiggs,* 460 Pa. 105, 110-111, 331 A.2d 440, 443 (1975). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and strategic choices made after less

- 8 -

than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" ***Commonwealth v. Lee***, 401 Pa.Super. 591, 600-601, 585 A.2d 1084, 1089 (1991), quoting ***Strickland v. Washington, supra***, 466 U.S. at 690-691, 104 S.Ct. at 2068, 80 L.Ed.2d at 695. The relevant inquiry in cases such as this is whether counsel's failure to pursue a particular defense theory was reasonable. See: ***Commonwealth v. Blair***, 491 Pa. 499, 506, 421 A.2d 656, 660 (1980) ("The decision not to present a particular defense is a tactical one and will not be deemed ineffective stewardship if there is a reasonable basis for that position."), e.g. ***Commonwealth v. Davenport***, 494 Pa. 532, 431 A.2d 982 (1981) (counsel's choice of self-defense theory over that of voluntary intoxication was reasonable); ***Commonwealth v. Garcia***, 370 Pa.Super. 132, 535 A.2d 1186 (1988) (strategy seeking acquittal rather than one seeking verdict of manslaughter was effective assistance of counsel).

***Commonwealth v. Carter***, 597 A.2d 1156, 1162–63 (Pa.Super. 1991).

In the instant case, the record belies Appellant's allegation that he was unaware trial counsel would concede to Appellant's presence at the crime scene. Appellant was present when the trial court reached its decision to deny the suppression of the video surveillance evidence; thus, Appellant was aware that the video footage placing him at the crime scene would be admitted into evidence. As noted above, trial counsel was limited in available defense strategies as the prosecution had overwhelming evidence to place Appellant at the crime scene. As a result, we agree with the PCRA court's conclusion that trial counsel's decision to concede Appellant's presence at the scene constituted a reasonable tactical strategy that did not require approval by Appellant. Accordingly, this ineffectiveness claim fails.

Lastly, Appellant contends that trial counsel was ineffective in failing to object to remarks made by the prosecutor in closing argument. This Court

has applied the following principles to similar claims of prosecutorial misconduct:

> A prosecutor is generally allowed to vigorously present and argue the case, as long as the comments are supported by evidence and contain inferences reasonably derived from that evidence. ***Commonwealth v. Kemp***, 562 Pa. 154, 753 A.2d 1278, 1281 (2000). "The focus of this Court's consideration of claims regarding prosecutorial misconduct is to determine whether the defendant was deprived of a fair trial and not whether the defendant was deprived of a perfect trial." ***Id.***, at 1282 (citing ***Commonwealth v. LaCava***, 542 Pa. 160, 666 A.2d 221, 231 (1995)); ***see also Commonwealth v. Holloway***, 524 Pa. 342, 572 A.2d 687 (1990). Thus, "prosecutorial misconduct does not occur unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict." ***Commonwealth v. Paddy***, 569 Pa. 47, 800 A.2d 294, 316 (2002).

***Commonwealth v. Lawrence***, 165 A.3d 34, 41–42 (Pa.Super. 2017) (quoting ***Commonwealth v. Cuevas***, 574 Pa. 409, 832 A.2d 388, 394 (2003)).

Specifically, Appellant argues that the prosecutor improperly suggested that the victim recanted his identification of Appellant as the shooter because the victim feared retaliation and did not want to be labeled a snitch. Appellant also contends that it was improper for the prosecutor to tell the jury that individuals in an urban environment live by a street code that discourages cooperation with crime investigations.

Upon review of the record, we agree that the prosecutor's comments were supported by the evidence presented in this case. After the victim

identified Appellant in a photo array as the shooter, the victim told detectives that he did not initially come forward due to fear of retaliation. The victim again identified Appellant as the shooter at the October 4, 2012 preliminary hearing. At trial, the victim admitted twice on the witness stand that he feared retaliation for identifying his shooter. N.T. Trial, 5/13/14, at 143-44, 169. In spite of these statements, the victim recanted this identification and claimed at trial that he was too intoxicated during the incident to identify the shooter.

In closing argument, the prosecutor attempted to explain the victim's reluctance to identify his shooter by highlighting the victim's own admission that he feared retaliation for his cooperation with police and providing a context for this fear. The prosecutor was properly allowed to explore the reasons for the witness's inconsistent statements as the prosecutor's explanation was a fair response to the defense's attempt to attack the reliability of the victim's identification due to his alleged intoxication. *See **Commonwealth v. Moody***, 654 A.2d 1120, 1124 (Pa.Super. 1995) (finding that prosecutor's attempt to explain the witnesses' initial hesitance to testify by referring to the element of fear was a fair response to the defense's attack on the witnesses' credibility).

Moreover, we agree with the PCRA court's finding that Appellant has not shown that the prosecutor's statement "prejudice[d] the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict." *See*

*Lawrence*, *supra*.  Therefore, we find trial counsel was not ineffective for failing to raise this allegation of prosecutorial misconduct.

For the foregoing reasons, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judge Lazarus joined the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/19